1  Amber House
   4140 N. 78th Street
2  Scottsdale, AZ 85251
   Telephone: (480)238-4739
3  amberhouse78@gmail.com

☑ FILED          LODGED
___ RECEIVED   ___ COPY

MAY 1 5 2017

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

4

5                    **UNITED STATES DISTRICT COURT**

6                        **DISTRICT OF ARIZONA**

7
   AMBER HOUSE,                          Case Number: CV-1701456-PHX-DLR
8
            Plaintiff,
9
   vs.                                   **1ST AMENDED COMPLAINT**
10                                        **(DEMAND LETTER)**
   BROVITZ GROUP,
11
            Defendant
12

13          Plaintiff, Amber House, whom is an individual of a protected class, filed a complaint

14  with the AZ EEOC, charging Title VII racial discrimination and retaliation against the Defendant, Brovitz

15  Group Dba Massage Envy; on April 21, 2017  Plaintiff is hereby charging the defendant of violating the

16  Equal Pay Act based on racial discrimination.

17          On October 23, 2016; the general manager, Sasha Alba, of the defendants Ahwatukee,

18  AZ Massage Envy clinic, sent an email to all service providers notifying them of the defendant's choice

19  to increase the starting base pay for all positions; and that any employees whom were currently below the

20  new base pay were "bumped up."  The general manager, Sasha Alba, of the defendants Ahwatukee, AZ

21  Massage Envy clinic, also admonished all employees that if she, (Sasha Alba) "hears" about anyone

22  talking about how much they make or the fact that they received a raise again; that employee would be

23  put on a final written warning for lack of "professionalism."

24
            Plaintiff is also aware that (2) white employees working in the same Ahwatukee, AZ
25
    clinic with less experience are currently being paid more than the plaintiff; and the plaintiff is also aware
26

1ST AMENDED COMPLAINT(DEMAND LETTER) - 1

these (2) employees were paid a higher base pay than the plaintiff, upon hire.   Plaintiff would also like to put emphasis on the fact, the defendant has not only admitted to a discrepancy in pay to its employees; but, also threatened its employees as well, clearly, giving merit to the plaintiff's charge and complaint.

Pursuant the Equal Pay Act of 1963;  the Lilly Ledbetter Fair Pay Act of 2009; S. 3220 (112th): Paycheck Fairness Act section 2. (3) (f).  Upon commencement of the letter, the defendant, unapologetically states the action taken was because of its employees "talking."  Thus, giving merit to selective discrepancies in pay *willfully*; also in the letter, the defendant has admitted a discrepancy in its pay to some of its employees and maintains its austerity in course by threatening punishment to its employees who continue to "talk", even taking it a step further, to claim to take adverse action to so much as "hearing" about any individual discussing pay, clearly giving merit to hearsay, *itself*, as holding merit, is in direct violation to Paycheck Fairness Act section 3. (B)

Pursuant **F.R.Civ.P 8 (a)** (2) and (3)  plaintiff states, the claim for relief should be the said "increased base pay" be put into retroactivity to the plaintiff's original date of hire; and paid to the plaintiff in a lump sum; in addition to $25,000, and whatever additional sum the court deems appropriate to be paid to plaintiff for punitive damages and the ramifications the plaintiff is currently suffering such as, but, not limited to; pain and suffering by way of; psychological, emotional and disparity from the ill treatment and fear of further retaliation and ultimately losing her job and medical benefits; by the defendant threatening to harshly punish anyone who "talked" about how much they make.

Plaintiff further seeks an immediate commencement of an hourly base pay in the same amount as the highest paid esthetician in the said clinic. (Whom has less experience working as a licensed esthetician as well as less skills.)

**Pursuant F.R Civ. P 12 (a) (1) (A) and Court Order**; plaintiff is hereby having the defendant, properly served this complaint/ demand letter.

1ST AMENDED COMPLAINT(DEMAND LETTER) - 2

1   See, the attached (4) appendages to this complaint including; The email (from the general manager,
    Sasha Alba, of the defendants, Ahwatukee, AZ Massage Envy clinic; which the Defendant, sent to all its
2   employees.) The initial complaint; The 1st amended complaint/ demand letter; The Court Order.

3   *(Also, please see _Price Waterhouse v. Hopkins_  In the discrimination context)

4

        Dated this 15th Day of May 2017.

5
                                            
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

    1ST AMENDED COMPLAINT(DEMAND LETTER) - 3

# APPENDAGE 1

Amber House

 Gmail

amber House <amberhouse78@gmail.com>

## Starting Base pay for Service Providers

2 messages

**Sasha Alba**
To:

Sun, Oct 23, 2016 at 12:50 PM

Hello Service providers,
    Since apparently people have been talking about how much they make with others (which is completely unprofessional) I wanted to clear something up. The Brovitz Group has made the choice to up our starting base pay for all positions. Any of our employees who were below what our new base pay is was bumped up. These are not merit increases. We are back dating merit increases for quarter 3 based off of our new merit increase requirements. I will be getting your stats out to you this week so that you know if you are getting a increase of $.25 or not. Remember you must have a 3 month average of a 3.0 on your monthly recaps to get your merit increase. 3.0 is meeting expectations.
    I also want to make very clear that if I hear about anyone talking about how much they make or the fact that they received a raise again, you will be put on a final written warning for lack of professionalism. This could also effect your chance of getting your next merit increase since professionalism is one of the behavioral categories that you all will be graded on on your monthly recaps. Let me know if you have any questions.

Thank you,
*Sasha Alba*, *General Manager*
## Massage Envy Spa *- Ahwatukee*

*- Foothills Shopping District -*
4722 E Ray Rd #22
Phoenix, AZ 85044

480-759-3689 **Office**
480-759-3701 **Fax**

Visit our website for more information on our services and Wellness Program

**amber House <amberhouse78@gmail.com>**
To: amber House <amberhouse78@gmail.com>

Fri, Jan 6, 2017 at 3:02 PM

# APPENDAGE 2

Amber House

FILED _____ LODGED
RECEIVED _____ COPY

MAY 1 1 2017

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

1   Amber House
    4140 N. 78th Street
2   Scottsdale, AZ 85251
    Telephone: (480)238-4739
3   amberhouse78@gmail.com

4

                    **UNITED STATES DISTRICT COURT**

5

                         **DISTRICT OF ARIZONA**

6

7

8   AMBER HOUSE,

            Plaintiff,
9
    vs.                                    **COMPLAINT**   CV-17-01456-PHX-DLR
10
    BROVITZ GROUP,
11
            Defendant
12

13          Plaintiff, Amber House, filed a complaint with the AZ EEOC charging Title VII racial

    discrimination and retaliation against the Defendant; on April 21, 2017, the Defendant was served.  Plaintiff is
14
    hereby, charging the defendant of violating the Equal Pay Act, based on racial discrimination.  On October 23,2016;
15
    the defendant emailed all service providers notice of the defendant choice increase the starting base pay for all
16
    positions.  Any employees whom were below the new base pay was "bumped up." The defendant also admonished
17
    its employees that if they hear about anyone talking about how much they make or the fact that they received a raise
18
    again, that employee would be put on a final written warning for lack of professionalism."
19
            Plaintiff is aware that two white employees working in the same clinic with less experience are
20
    being paid more.   Plaintiff pursuant the Equal Pay Act of 1963 and **F.R.Civ.P (a)** Given the fact the defendant has
21
    not only admitted to a discrepancy of pay to some of its employees, but, also threatened its employees as well,
22
    clearly, gives merit to the plaintiff's charge and complaint.  Therefore, the plaintiff states the claim for relief should
23
    be the increased base pay be put into retroactivity to the plaintiff's date of hire and paid to the plaintiff in a lump
24
    sum; in addition to, $25,000 paid to plaintiff for punitive damages and the plaintiff's pain and suffering, such as
25
    disparity and psychological and emotional ramifications of the ill treatment and fear of losing her job; as well as an
26

    COMPLAINT - 1

hourly base pay at the same amount as the highest paid esthetician in the said clinic whom has less working

experience as a licensed esthetician and less skills.

Dated this 11th Day of May, 2017.

COMPLAINT - 2

# APPENDAGE 3

Amber House

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Amber House, | No. CV-17-01456-PHX-DLR |
|        Plaintiff, | **ORDER** |
| v. | |
| Brovitz Group, | |
|        Defendant. | |

This matter recently has come before the Court. The parties are advised that motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) are discouraged if the defect(s) in the complaint can be cured by way of amendment. In an effort to avoid unnecessary or multiple motions to dismiss or for leave to amend,

**IT IS ORDERED** as follows:

1. Before the filing of any motion to dismiss under Rule 12(b)(6), the parties must confer in good faith to determine whether the motion can be avoided. The duty to confer also applies to parties appearing pro se. Defendant shall explain to Plaintiff the reasons why Defendant believes the complaint fails to state a claim for relief. The parties shall discuss whether the deficiencies identified by Defendant can be cured through an amended complaint. If the parties agree on this point, Plaintiff shall file an appropriate amended complaint in order to avoid the filing of an unnecessary motion to dismiss.

2. Notwithstanding Plaintiff's belief that the complaint is sufficient to state a

1   claim for relief, or Defendant's belief that the complaint is not curable, if Plaintiff

2   believes that a permissible amendment can cure some or all of the purported deficiencies

3   identified by Defendant, Plaintiff is encouraged to file an amended complaint containing

4   all further allegations Plaintiff could make.  This would avoid the need for Plaintiff to

5   seek leave to amend should the Court determine that the motion to dismiss is well taken.

6        3.    Any motion to dismiss under Rule 12(b)(6) must certify that the parties

7   conferred in good faith but were unable to agree that the complaint is curable by a

8   permissible amendment.  Motions that do not contain the required certification may be

9   stricken by the Court.

10        4.    The parties shall endeavor not to oppose motions to amend filed prior to the

11   Scheduling Conference or within the time set forth for amending pleadings and joining

12   parties in the Rule 16 Scheduling Order.

13        5.    Plaintiff is directed to become familiar with the Federal Rules of Civil

14   Procedure and Local Rules for the District of Arizona, both of which can be found on the

15   Court's web site at www.azd.uscourts.gov.

16        6.    Plaintiff shall serve a copy of this Order upon Defendant and file notice of

17   service with the Court.

18        The Court advises Plaintiff that the Handbook for Self-Represented Litigants,

19   which contains helpful information about proceeding without an attorney, is available

20   through the Court's website at http://www.azd.uscourts.gov/handbook-self-represented-

21   litigants, under the section "for those Filing Without an Attorney."

22        Dated this 12th day of May, 2017.

23

24

25                            Douglas L. Rayes
                              United States District Judge

26

27

28

- 2 -